IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 9, 2002 Session

# TANYA PLATTENBURG v. TABITHA TALLEY, GAIL TALLEY, DAVID BASHAM, and WILLARD BASHAM, ROGERS GROUP, INC., and JOHN DOE, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Direct Appeal from the Circuit Court for Coffee County
No. 29,950    Hon. John W. Rollins, Circuit Judge

No. M2001-01779-COA-R3-CV - Filed June 5, 2002

The Trial Court dismissed plaintiff's action, pursuant to Tenn. R. Civ. P. 41.02, for failure to pay costs which had been assessed as a sanction. On appeal, we affirm, as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J., and WALTER C. KURTZ, SP. J., joined.

Robert T. Carter, Tullahoma, Tennessee, for Appellant, Tanya Plattenburg.

L. Marshall Albritton and Joel P. Surber, Nashville, Tennessee, for Appellees, Tabitha Talley and Gail Talley.

Harry Weill, Chattanooga, Tennessee, for Appellees, David Basham and Willard Basham.

Julie-Karel Elkin, Nashville, Tennessee, for Appellee, The Rogers Group, Inc.

Gerald L. Ewell, Jr., Tullahoma, Tennessee, for Appellee, State Farm Mutual Automobile Insurance Company.

## OPINION

This is an appeal from a court ordered involuntary dismissal of plaintiff's case because plaintiff had failed to pay the legal costs and attorney's fees incurred by the defendants in

the prosecution of their Motions to Dismiss for Failure to Prosecute, which the Court Ordered the plaintiff to pay by February 19, 2001.

Plaintiff filed a Complaint on August 5, 1999, seeking to collect damages from defendants for a motor vehicle accident which occurred on August 13, 1998. Plaintiff's counsel moved to withdraw from representing plaintiff on May 18, 2000, alleging that plaintiff had been unresponsive to communications and requests, and had made counsel's ability to carry out her employment unreasonably difficult. The Motion was granted, and the Court Ordered that plaintiff obtain new counsel within thirty days, or to inform the Court that she would be proceeding pro se. That Order was entered on May 24, 2000.

On July 5, 2000, the Court received a letter from the plaintiff, which stated that she had moved to Ft. Lauderdale, Florida, and had received her file from her former counsel. The letter stated that plaintiff had tried to find another attorney and planned to fly to Tennessee within 14 days for the purpose of hiring counsel.

On December 20, 2000, defendants filed a Motion to Dismiss for Failure to Prosecute, alleging that plaintiff had not answered discovery or done anything more to move the case along to trial. The Motions set forth that plaintiff had failed to answer discovery requests, and had not attended a docket call held on November 16, 2000.

On February 2, 2001, a Notice of Appearance was filed indicating that plaintiff was now being represented by attorney Robert Carter. On the same day, a hearing was held on the defendants' motions, and the Court denied the motions at the time, ordering plaintiff to respond to the outstanding discovery requests within 16 days, and also ordered the plaintiff to pay the necessary and reasonable costs and attorney's fees incurred by the defendants in prosecution of their motions, and set forth the amounts to be paid by plaintiff by February 19, 2001.

On February 23, 2001, Motions for Dismissal for Failure to Comply with the Court's Order were filed, stating that plaintiff had failed to pay the fees which the Court had ordered. A hearing was held on these Motions on March 2, 2001, and on March 16, 2001, the Court entered an Order dismissing plaintiff's suit (which under the Rule is a Judgment on the merits) for failure to comply with the court's previous order. The Court found that plaintiff had failed to pay the amounts which the Court had ordered her to pay, and that the dismissal was warranted. Plaintiff was also ordered to pay additional attorney's fees and costs incurred by the defendants in pursuing their motions seeking dismissal for failure to comply with the Court's order.

Plaintiff has appealed, and the parties filed an Agreed Order on the Statement of Evidence which agreed to certain facts for the purposes of the appeal.

The issue before us is whether the Trial Court abused its discretion when he dismissed plaintiff's case.

Tenn. R. Civ. P. 41.02 authorizes the sanction of involuntary dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of court". Tenn. R. Civ. P. 41.02 also provides that such a dismissal shall operate as an adjudication on the merits unless the Court "otherwise specifies".

We have addressed the propriety of an involuntary dismissal pursuant to Tenn. R. Civ. P. 41 in several cases, and the rule which has developed is that while dismissal as a sanction is harsh and not to be taken lightly, the trial courts must still have this option in making such decisions when warranted in order to control their dockets, penalize uncooperative parties, and deter other parties from acting similarly. *Stalsworth v. Grummon*, 2001 Tenn. App. LEXIS 352 (Tenn. Ct. App. May 15, 2001); *Johnson v. Wade*, 2000 Tenn. App. LEXIS 609 (Tenn. Ct. App. Sept. 6, 2000); *Thompson v. Dickerson*, 1997 Tenn. App. LEXIS 547 (Tenn. Ct. App. Aug. 1, 1997); *Reynolds v. Metropolitan Nashville/Davidson County,* 1996 Tenn. App. LEXIS 106 (Tenn. Ct. App. Feb. 23, 1996); *Kotil v. Hydra-Sports, Inc.*, 1994 Tenn. App. LEXIS 551 (Tenn. Ct. App. Oct. 5, 1994).

We have also made clear that such decision by the Trial Court is discretionary and it is to be reviewed utilizing the more relaxed abuse of discretion standard, such that this Court is to reverse only when the trial court has acted unreasonably, arbitrarily, or unconscionably in ordering a dismissal. *See Reynolds and Kotil.*

Recently, this Court dealt with the issue of dismissal for failure to comply with the Court's previous order to pay monetary costs in *Stalsworth v. Grummon*, 2001 Tenn. App. Lexis 352 (Tenn. Ct. App. May 15, 2001). In that case the plaintiff filed a medical malpractice action and then voluntarily dismissed her suit at the beginning of the trial. *Id.* The defendant made a motion for discretionary costs which the Trial Court granted. *Id.* Plaintiff appealed, challenging only part of the costs assessed. *Id.* Plaintiff later refiled the suit and defendant asked that the proceedings be stayed until the costs previously assessed were paid. The Trial Court stayed the proceedings and Ordered plaintiff to pay the same within thirty days. When plaintiff failed to do so, the defendant asked the Court to dismiss the suit for failure to comply with the Court's Order and the Court Ordered the suit dismissed pursuant to Tenn. R. Civ. P. 41.02. *Id.* This Court affirmed the dismissal and found no abuse of discretion in the Trial Court's action. The Court noted that the plaintiff had failed to make any payments toward the costs assessed, and that the defendant had been required to defend himself in protracted litigation which he had not delayed in any way. *Id.*

In the case before us, the plaintiff's action or inaction delayed the litigation time and again, and did not provide the Court with any justifiable reason, except that she had moved and this made it harder for her to conduct business in this State, which presumably was her choice. Plaintiff did not employ counsel or notify the Court of her intention to proceed *pro se* within the time frame given by the Trial Court, and did not attend mandatory docket calls. The plaintiff did not employ counsel until the Court set the case for trial on its own motion, and did not answer discovery which had been pending for some time until the Court ordered her to do so with the threat of dismissal. At the time the case was dismissed it had been pending nineteen months with basically no progress toward trial.

Plaintiff takes the position that she could not pay the costs assessed against her, but she did not provide the Court with any explanation or documentation of that claim by affidavit or otherwise. As in *Stalsworth*, plaintiff knew the Court had required her to pay these costs, but made no effort toward payment or even partial payment of same, or file a paupers oath. Nor has there been a tender on appeal. From this record, we cannot say the Court abused its discretion in dismissing the case. Plaintiff failed to comply with more than one court order, failed to prosecute her case and gave no reason as to why she could not pay the costs as ordered by the Court.

We hold it was a proper exercise of discretion for the Trial Court to dismiss plaintiff's action, but conclude dismissal with prejudice was too harsh. Accordingly, we modify the Trial Court's Order of Dismissal by providing that plaintiff may refile her action within the time allowed, if and only if she pays all of the costs adjudged against her before the action is refiled.

We affirm the Trial Court's Judgment, as modified. The cost of the appeal is assessed to Tanya Plattenburg.

_____
HERSCHEL PICKENS FRANKS, J.

-4-